## LANDIS *v.* THE MAYAGÜEZ ELECTRIC CO.

### APPEAL from the District Court of Mayagüez.

No. 61.—Decided April 13, 1904.

CONTRACTS—TERMINATION OF.—The parties are obligated to the faithful performance of the stipulations set forth in a contract, which can be terminated only in the manner and form agreed upon by both parties.

APELACION.—En los casos en que el Tribunal inferior hubiere incurrido en error al no conceder al demandante la cantidad reclamada en la demanda, el Tribunl Supremo debe revocar la sentencia y dictar la resolución que proceda con arreglo á derecho.

### EXPOSICIÓN DEL CASO.

Vistos estos autos de juicio declarativo, en cobro de pesos promovidos en la Corte de Distrito de Mayagüez, entre partes de la una, Don Eduardo E. Landis, representado y dirigido en esta Superioridad por el Letrado Don Herbert E. Smith, y de la otra, la Mayagüez Electric Company, que no se ha personado, sustanciándose por consiguiente el recurso en los Estrados del Tribunal; autos pendientes ante Nos en virtud de recurso de apelación interpuesto por el actor contra la sentencia pronunciada por la referida Corte en 27 de Junio del año próximo pasado.

*Resultando*: que la "Mayagüez Electric Company" celebró el día 3 de Diciembre de 1901, en Nueva York, un contrato con el recurrente Edward E. Landis por el cual empleó aquella á éste en calidad de Superintendente Eléctrico de sus maquinarias en la ciudad de Mayagüez, Puerto Rico, quedando por ese contrato determinadas las obligaciones contraidas por el recurrente y la recurrida.

*Resultando*: que por el referido contrato quedó prefijado el sueldo que debería recibir el recurrente de la recurrida en la suma de noventa dollars por cada uno de los primeros tres meses, del año del contrato, y ciento treinta y cinco, por cada mes de los últimos nueve, hasta cumplirse el término porque fué otorgado dicho contrato.

*Resultando*: que á más del sueldo indicado. la Compañía recurrida se obligó á pagar al recurrente, después de espirar dicho contrato, la suma de ciento treinta y cinco dollars si hubiese el recurrente desempeñado sus obligaciones de un modo satisfactorio á la Compañía, y en todo caso una suma adicional suficiente para sufragar los gastos de viaje de Mayagüez á Nueva York.

APPEAL.—In cases in which the lower court has erred in not granting the plaintiff the amount demanded in the complaint, the Supreme Court should reverse the judgment and render such decision as may be proper in accordance with law.

## STATEMENT OF THE CASE.

This declaratory action for the recovery of money came on to be heard, the same having been instituted in the District Court of Mayagüez by Edward E. Landis, who is represented in this court by Attorney Herbert E. Smith, against the Mayagüez Electric Company, which has failed to appear, and the appeal being therefore conducted as in case of default. The matter is pending before us on an appeal prosecuted by the plaintiff from the judgment rendered by said court on the 27th of June of last year.

On the 3d day of December, 1901, in New York, the Mayagüez Electric Company entered into a contract with the appellant, Edward E. Landis, whereby it employed him in the capacity of electric superintendent of its machinery in the city of Mayagüez, Porto Rico, the obligations contracted by the appellant and the respondent company having been determined by said contract.

According to said contract, the salary to be received by the appellant from the respondent was fixed at the sum of ninety dollars for each of the first three months of the year of the contract, and one hundred and thirty-five dollars for each of the last nine months, until the expiration of the period for which said contract was executed.

In addition to the salary indicated, the respondent company agreed to pay appellant, upon the expiration of said contract, the sum of one hundred and thirty-five dollars provided the appellant had performed his duties in a manner satisfactory to the company, and in any event an additional sum sufficient to defray the expenses of the trip from Mayagüez to New York.

*Resultando* : que por otra condición del referido contrato se reservó la Compañía el derecho de terminar dicho contrato en cualquier tiempo en el caso de no estar conforme con el cumplimiento por parte del recurrente de las obligaciones que por el contrato había contraido éste, pero con la expresa condición, en tal caso, de darle aviso por escrito por el término de quince días de esa resolución, y al expirar ese término pagarle cuanto se le debiera hasta entonces.

*Resultando* : que la Compañía recurrida, sin dar aviso al recurrente, lo dejó cesante, y sin cumplir aquella con las condiciones del contrato, no obstante la manifestación hecha por el recurrente expresando su deseo de continuar en el desempeño de sus indicadas obligaciones.

*Resultando* : que el recurrente estableció demanda ante el Tribunal de Distrito de Mayagüez por setecientos noventa y nueve dollars valor de su sueldo desde primero de Mayo, 1902, hasta tres de Diciembre del mismo año, menos 206 dollars ganados por él durante ese tiempo, y por los gastos de viaje á Nueva York, cuya última suma justificó con pruebas presentadas al Tribunal, en la suma de sesenta dollars, y por daños y perjuicios.

*Resultando* : que habiéndose personado la parte demandada en dicho pleito no contestó la demanda, y acusada la rebeldía en debida forma se practicaron las pruebas correspondientes y recayó sentencia definitiva á favor del recurrente condenando á la Compañía á pagarle la suma de sesenta y siete dollars con cincuenta centavos, en concepto de sueldo por los quince dias y el pasaje de Mayagüez á Nueva York sin especial condenación de costas.

*Resultando* : que contra esa sentencia el demandante interpuso recurso de apelación ante este Tribunal.

*Resultando* : que señalado día para la vista, tuvo ésta lugar en veinte y tres de Marzo del corriente año, en cuyo acto el Señor Herbert E. Smith, én representación del recurrente,

By another condition of the contract in question the company reserved the right to terminate said contract at any time in case it was not satisfied with the performance by plaintiff of the obligations which he had entered into in the contract, but with the express condition that, in such event, fifteen days' notice in writing was to be given him of such determination, and upon the expiration of that period he was to be paid such sum as might be due him up to that time.

The respondent company, without notice to the appellant, dismissed him from its employ without complying with the conditions of the contract, notwithstanding the statement made by the appellant expressing his wish to continue in the performance of said duties.

The appellant thereupon instituted suit in the District Court of Mayagüez for the sum of $799, the amount of his salary from the 1st of May, 1902, to the 3d of December of the same year, less the sum of $206 earned by him during said time, and for the expenses of the trip to New York, which latter sum he proved, by evidence presented to the court, amounted to $60, and for damages.

The defendant, having appeared in said action, failed to answer the complaint, and the default thereof having been duly entered, the appropriate evidence was taken and final judgment rendered in favor of the appellant condemning the company to pay him the sum of $67.50 as salary for fifteen days and passage from Mayagüez to New York, without making any special imposition of costs.

From this judgment plaintiff took an appeal to this court.

A day having been set for the hearing, the same took place on the 23d of March of the present year, at which Herbert S. Smith, Esq., as counsel for appellant, alleged such matters

alegó cuanto estimó conducente á su derecho, no mostrándose parte la recurrida.

Abogado del apelante, *Sr. Smith.*

La parte apelada no compareció.

EL JUEZ ASOCIADO, SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que á un contrato solamente se le puede poner término según el modo convenido por las partes contratantes, y que cada una de ellas tiene por obligación cumplir con las condiciones á que le obliga el contrato.

*Considerando*: que el Tribunal sentenciador incurrió en error al no adjudicar al demandante la suma reclamada y fijar la cantidad de los gastos de viaje, siendo ese punto uno de los fundamentos del escrito de demanda y discutibles en el juicio.

*Considerando*: que por los errores indicados debe ser revocada la sentencia del Tribunal sentenciador.

*Fallamos*: que revocando la sentencia del Tribunal de Distrito de Mayagüez, debemos condenar y condenamos á "La Mayagüez Electric Company" á que pague al Señor Eduardo E. Landis la suma de setecientos noventa y nueve dollars con el interés legal desde la fecha de su demanda, hasta su completo pago, y á pagar todas las costas del juicio, entendiéndose sin expresa condenación las del recurso.

Jueces concurrentes: Sres. Figueras y Sulzbacher.

Juez disidente: Sr. Hernández.

El Juez Presidente, Sr. Quiñones, no formó Tribunal en la vista de este caso.

---

*Opinión disidente del Juez Asociado Sr. Hernández.*

El Juez Asociado que suscribe disiente del acuerdo de sus ilustrados compañeros, en la resolución del precedente recurso, y entiende que procede la confirmación de la sentencia

as he deemed conducive to his rights, the respondent not having appeared.

*Mr. Smith,* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY, after stating the foregoing facts, delivered the opinion of the court.

A contract can be terminated only in the manner agreed upon by the contracting parties, and it is the duty of each of them to comply with the conditions imposed upon him by the contract.

The trial court erred in not awarding to the plaintiff the amount sued for and in failing to fix the amount of the expenses of the trip, this matter being one of the grounds of complaint at issue in the case.

Inasmuch as the judgment of the trial court must be reversed for the errors suggested, we adjudge, in reversing the judgment of the District Court of Mayagüez, that we ought to condemn and do condemn the Mayagüez Electric Company to pay to Mr. Edward E. Landis the sum of $799, with legal interest from the date of the filing of his complaint until full payment has been made, together with costs of suit, the costs of the appeal being understood to be without special imposition.

Justices Figueras and Sulzbacher concurred.

Mr. Justice Hernández dissented.

Chief Justice Quiñones did not sit at the hearing of this case.

---

*Dissenting Opinion of Mr. Justice Hernández.*

The undersigned associate justice dissents from the conclusion of his learned colleagues in the determination of the foregoing appeal, and is of the opinion that it would be

apelada, que sólo condena á la Mayagüez Electric Company''
al pago de sesenta y siete dollars cincuenta centavos, importe
de los quince días de aviso que según el contrato debía haber
dado al demandante, y á pagar á éste el pasaje desde Maya-
gües á New York, sin especial condenación de costas.

La sentencia de la Corte de Mayagüez se ajusta á dere-
cho, pues aunque la falta de cumplimiento de una obligación
apareja la indemnización de daños y perjuicios, según el
artículo 1068 del Código Civil, es necesario que éstos se
deriven y sean consecuencia directa de aquella falta de cum-
plimiento; y en el caso presente, aunque la expresada Com-
pañía dejó de dar aviso por escrito al demandante Mr. Ed-
ward Landis, con quince dias de anticipación, de que quería
terminar el contrato, habiendolo despedido de sus servicios,
sin llenar tal formalidad, los perjuicios que se originaron de
la falta del aviso no pudieron ser otros que los de dejar de per-
cibir Landis el sueldo que le correspondía durante los quince
días con los gastos de viaje desde Mayagüez á New York, y
nunca la pérdida de los sueldos que hubiera recibido de la
compañía, si hubiera seguido trabajando con ella durante
el tiempo que se indicó en el contrato.

Buena prueba de que los daños y perjuicios que reclama
Landis no se derivan de la falta del aviso, es que después de
haber sido despedido trabajó en la Guánica Central y desem-
peñó funciones de jurado, siendo por ambos conceptos retri-
buido, retribución que él mismo descarta de la indemnización.
Si Landis no encontró más trabajo, no fué por la omisión del
repetido aviso, y la responsabilidad de ello, no es exigible á
la Compañía demandada que al despedirle lo dejó libre y
expedito para ocuparse cuando, donde y como quisiera.

proper to affirm the judgment appealed from, which only condemns the Mayagüez Electric Company to pay $67.50 as salary during the fifteen days' notice which should have been given to the plaintiff according to the contract, and to pay the latter's passage from Mayagüez to New York, without special imposition of costs.

The judgment of the Mayagüez court is in conformity with law, for although the non-fulfillment of an obligation carries with it indemnity for losses and damages, according to article 1068 of the Civil Code, it is necessary that such losses and damages should be derived from and be the direct consequence of the non-fulfillment; and in this case, although the said company failed to give notice in writing to the plaintiff Edward Landis, fifteen days in advance, to the effect that it was desirous of terminating the contract, having dismissed him from its service without complying with such formality, the damages accruing from the want of notice could not be other than that arising from the failure of Landis to receive the salary due him for the fifteen days, together with traveling expenses from Mayagüez to New York, and never the loss of the salary which he would have received from the company if he had continued working for it during the period specified in the contract.

Sufficient evidence that the losses and damages claimed by Landis cannot be predicated upon the want of notice is found in the fact that after having been discharged he worked at the Guánica Central and acted as a juror, having been compensated in both cases, and he himself excludes such compensation from the indemnity. If Landis failed to find other work it was not due to the omission of said notice, and the responsibility therefor is not imputable to the defendant company, which, upon dismissing him from its employ, left him free and unhampered to engage in other work whenever and wherever and in whatever manner he might choose.